COHEN, J.
Ronald L. Scott, Jr. (“Former Husband”), appeals from a final judgment entered following a trial on his supplemental petition for modification of the original judgment. The final judgment granted Former Husband some relief from an alimony award contained in the original judgment dissolving the parties’ marriage. The original judgment, dated October 8, 2009, incorporated a marital settlement agreement wherein the parties agreed on an award of $700 per month in permanent periodic alimony to Kimberly Sue Scott (“Former Wife”). Former Husband sought modification of the original judgment, alleging a substantial change of circumstances. Following a trial, the court reduced Former Husband’s obligation to $500 per month. We reverse, finding the lower court abused its discretion in not granting a larger reduction.
While the lower court did not articulate the basis for the $200 per month reduction, we accept the court’s findings of fact as they are supported by competent substantial evidence. The court found Former Husband was earning approximately $70,000 per year at the time the original judgment was entered. He subsequently suffered two heart attacks. Currently, his heart is functioning at forty-five percent of its capacity and, as a result, Former Husband is no longer employed or employable and has been determined to be totally disabled. He receives social security disability income of $1,828 per month. In contrast, Former Wife has a monthly gross income of $2,458.
It is clear from the transcript that the trial court took issue with certain representations made in Former Husband’s financial affidavit, and that Former Husband did not comport himself particularly *805 well at trial. We accept the court’s finding that the $500 per month expenditure for gasoline was excessive in light of the fact that Former Husband does not own a car and is not employed. Likewise, the evidence established that Former Husband is living with a woman who pays the mortgage on the residence they share. While he listed a rent payment of $500 per month, Former Husband did not provide proof of actual payments. The trial court also questioned Former Husband’s inclusion of $130 per month on toiletries and noted his initial testimony, later retracted, that he continued to play golf. The court correctly observed that no evidence was presented that Former Wife’s need for alimony had changed since entry of the original judgment.
The final judgment on the supplemental petition for modification of the original judgment found a substantial, material and involuntary change in circumstances as a result of the deterioration of Former Husband’s health and the Social Security Administration’s determination that he is totally disabled.[1] The trial court then reduced the alimony award as noted. Accepting the court’s skepticism of Former Husband’s listed expenses, the remaining expenses shown — including approximately $769 per month for health insurance and prescription medications — do not reveal an ability to pay the $500 per month alimony obligation. While we are not suggesting that Former Husband is free of his obligation to Former Wife, we remand for the lower court to reduce the alimony obligation to an amount that allows both parties sufficient funds to meet their reasonable needs.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
ORFINGER, C.J., and SAWAYA, J„ concur.

. That finding is not challenged by Former Wife, who has elected not to respond in the instant appeal.